UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAMELA R. WEICK,<br><br>                     Petitioner,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br>Administration,<br><br>                Respondent. | Case No. 2:14-cv-00264-CWD<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

**INTRODUCTION**

Currently pending before the Court is Pamela Weick's Petition for Review of the

Respondent's denial of social security benefits, filed July 1, 2014. (Dkt. 1.) The Court has

reviewed the Petition for Review and the Answer, the parties' memoranda, and the

administrative record (AR). For the reasons that follow, the Court will remand the

decision of the Commissioner with instructions.

**PROCEDURAL AND FACTUAL HISTORY**

Petitioner filed an application for Disability Insurance Benefits and Supplemental

Security Income on August 30, 2013, claiming disability due to carpal tunnel syndrome,

**MEMORANDUM DECISION AND ORDER - 1**

cervical, and low back pain. This application was denied initially and on reconsideration,

and a hearing was held on April 18, 2014, before Administrative Law Judge (ALJ) James

Sherry. After hearing testimony from Petitioner and vocational expert Jinnie Lawson,

ALJ Sherry issued a decision on May 2, 2014, finding Petitioner not disabled. Petitioner

timely requested review by the Appeals Council, which denied her request for review on

May 15, 2014. Petitioner appealed this final decision to the Court. The Court has

jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was 49 years of age. Petitioner completed

high school, and her prior work experience includes work as a cashier, electronics

assembler, hand packager/sorter, and industrial cleaner.

## SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining

whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must

be determined whether the claimant is engaged in substantial gainful activity. The ALJ

found Petitioner had not engaged in substantial gainful activity since her alleged onset

date of May 11, 2013. At step two, it must be determined whether the claimant suffers

from a severe impairment. The ALJ found Petitioner's cervical spondylosis with evidence

of cord compression at C5-C6 and facet sclerosis, lumbar degenerative disc disease, and

bilateral shoulder pain with decreased range of motion severe within the meaning of the

Regulations.

Step three asks whether a claimant's impairments meet or equal a listed

**MEMORANDUM DECISION AND ORDER - 2**

impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments, specifically considering Listing 1.04 (spinal impairments) and 1.02 (joint dysfunction) in his determination. At step three, the ALJ provided no basis for his conclusion, other than stating he had considered Listing 1.04, and later in the determination, noting that state medical examiners (both consultative and reviewing) had concluded Petitioner retained the capacity for light work. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's residual functional capacity (RFC) and determine, at step four, whether the claimant has demonstrated an inability to perform past relevant work.

The ALJ found at step four Petitioner was able to perform her past relevant work as a cashier and electronics assembler, which he characterized as light work. Further, the ALJ determined Petitioner was able to perform other jobs even if limited to sedentary work. Accordingly, the ALJ did not proceed to step five, and he determined Petitioner was not disabled.

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if her physical or mental

**MEMORANDUM DECISION AND ORDER - 3**

impairments are of such severity that she not only cannot do her previous work but is unable, considering her age, education, and work experience, to engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. Nat'l Labor Relations Bd.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Flaten*, 44 F.3d at 1457. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or

**MEMORANDUM DECISION AND ORDER - 4**

reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

When reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard a claimant's self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

## DISCUSSION

Petitioner contends the ALJ erred at step three, because her February 12, 2014, MRI results indicated Petitioner met or equaled the severity requirements set forth in Listing 1.04A. Petitioner argues the ALJ failed to properly read, interpret, and analyze the medical records, and instead relied improperly upon the State Consultative Examiner's findings, which did not include review of the later MRI findings. Petitioner contends, if the ALJ did not fully understand the MRI results, a medical expert should have testified about the significance of the findings on her MRI. Petitioner requests reversal of the Commissioner's decision with an award of benefits.

Respondent argues Petitioner's MRI did not establish she met all the requirements

for Listing 1.04A, because she did not show she suffered from "neuro-anatomic distribution of pain," and motor loss. Respondent cites the consultative examiner's record, dated November 7, 2013, from Dr. Craig Stevens, who noted "no weakness, wasting or other externally apparent objective physical finding… and an entirely normal objective physical examination if viewed purely by objective criteria…." (AR 203.)

Respondent argues also Petitioner did not establish listing equivalency. Respondent contends the ALJ had no duty to develop the record with review by a medical expert at the hearing, because the MRI would not have changed the outcome of the decision. Respondent points to the close proximity in time between the state agency physician's review in late 2013 and the MRI, which was obtained in February of 2014. Finally, Respondent asserts the ALJ considered the MRI report, but because it showed moderate changes, the ALJ had the discretion to conclude that the testimony of a medical expert was not necessary.

If the claimant satisfies the criteria under a listing and meets the twelve month duration requirement, the Commissioner must find the claimant disabled without considering age, education and work experience. 20 C.F.R. § 404.1520(a)(4)(iii), (d). A claimant bears the burden of producing medical evidence that establishes all of the requisite medical findings that his impairments meet or equal any particular listing. *Bowen v. Yuckert,* 482 U.S 137, 146, n. 5 (1987). Further, if the claimant is alleging equivalency to a listing, the claimant must proffer a theory, plausible or other, as to how his combined impairments equal a listing. *See Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir.

**MEMORANDUM DECISION AND ORDER - 6**

2001).

An impairment, or combination of impairments, is medically equivalent to a listing "if it is at least equal in severity and duration to the criteria of any listed impairment," considering "all evidence in [the] case record about [the] impairment(s) and its effects on [the claimant] that is relevant…." 20 C.F.R. § 404.1526(a), (c). Further, equivalence depends on medical evidence only; age, education, and work experience are irrelevant. *Id.* at § 404.1526(c). Finally, "the claimant's illnesses 'must be considered in combination and must not be fragmentized in evaluating their effects.'" *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995) (quoting *Beecher v. Heckler*, 756 F.2d 693, 694-95 (9th Cir. 1985)).

"A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not" meet or equal a listed impairment. *Lewis*, 236 F.3d at 512 (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)).

Listing 1.04A provides that certain "disorders of the spine" are among the impairments conclusively establishing disability. Examples of spinal disorders are given, such as spinal stenosis, and degenerative disc disease resulting in compression of a nerve root as a prerequisite. It next requires "[e]vidence of nerve root compression characterized by"—i.e., distinguished by—the four symptoms listed, which include neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test

**MEMORANDUM DECISION AND ORDER - 7**

(sitting and supine). 20 C.F.R. Part 404, Subpart P, App. 1, § 1.04A; MERRIAM

WEBSTER'S COLLEGIATE DICTIONARY 192 (10th ed.1997) ("characteristic"). The use of

"and" to connect the four symptoms means that all of the symptoms must be present, but

not necessarily at the same time. *Radford v. Colvin*, 734 F.3d 288, 298 (4th Cir. 2013).

However, positive straight-leg raising test is required only if there is involvement of the

lower back. 20 C.F. R. Part 404, Subpart P, App.1, § 1.04A.

    For the Court to engage in a meaningful review of the record, there must be a

record of the basis for the ALJ's ruling, which should include a discussion of which

evidence the ALJ found credible and why. Here, the ALJ's ruling lacks such a discussion.

First, the decision regarding the applicability of Listing 1.04A is devoid of reasoning. The

ALJ simply concluded summarily that Petitioner's impairment of her cervical spine did

not meet or equal a listed impairment, but provided no explanation other than the

statement that "Listing 1.04 was considered in evaluating the claimant's degenerative

disc disease." (AR 13.) No discussion of the MRI results appears, nor is there any

discussion of treating physician Margaret Russell's MRI review dated February 21, 2014,

anywhere in the ALJ's ruling.

    A full explanation by the ALJ would be particularly helpful in this case because

the MRI results indicate evidence supportive of Petitioner's claim. Dr. Russell indicated

the MRI results indicate spinal cord compression at C5-C6, with a combination of disc

erosion and an osteophyte on the left causing Petitioner's symptoms in her left arm.

Petitioner reported she suffered from numbness, tingling and pain from her elbows to her

**MEMORANDUM DECISION AND ORDER - 8**

fingers, with difficulty grasping. (AR 210.) Dr. Russell indicated that the MRI results

showed foraminal stenosis of the nerves, and neuropathy on the left. (AR 218.) Thus,

from the results of the MRI, it appears Petitioner has spinal stenosis, degenerative disc

disease at the cervical spine, and nerve root compromise.

Respondent argues that the MRI does not indicate "neuro-anatomic distribution of

pain." But, the ALJ completely failed to analyze this aspect of the listing requirements.

Yet, the MRI results, and Dr. Russell, both indicate the presence of cervical

radiculopathy, which is defined as nerve root irritation through compression which can

then radiate along the nerves pathways into the arm and hand.[1] The MRI findings

indicated abnormal signal intensity within the cervical spinal cord at the C5-6 level,

raising the possibility of myelopathy. (AR 217.) Myelopathy refers to the compression of

the cervical spinal cord which may result in symptoms of deterioration of fine motor

skills and intermittent shooting pains into the arms like an electrical shock, especially

when bending the head forward, and arm pain (cervical radiculopathy).[2] Petitioner

reported at the hearing and to consultative examiner Craig Stevens that she experienced

pain and numbness in her hands and forearms, and an electric sensation on median

Tinel's over both wrists and at the ulnar nerve at both elbows. (AR 202.)

The ALJ cited the state medical opinions later in his analysis as support for his

conclusion, but that is not enough to constitute substantial evidence. *Radford*, 734 F.3d at

295. Although the ALJ gave the state medical opinions of Dr. Stevens and the reviewing

---

[1] http://www.spine-health.com/conditions/neck-pain/what-cervical-radiculopathy
[2] http://www.spine-health.com/conditions/spinal-stenosis/cervical-stenosis-myelopathy

**MEMORANDUM DECISION AND ORDER - 9**

examiner, Dr. Robert Vestal, great weight, he does not indicate why the opinions merit that weight given Dr. Russell's interpretation of the January 2014 MRI. *See, e.g., Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) (holding that reliance on the opinion of nonexamining physicians cannot, by itself constitute substantial evidence). Moreover, the ALJ appears to have totally and without explanation rejected the opinion of Dr. Russell, given after she reviewed the MRI results.

Dr. Russell concluded Petitioner's symptoms, including her arm pain and numbness greater on left than right, limited range of motion, and her complaints of hand weakness, were consistent with the MRI findings; and, she recommended surgical intervention. This is in contrast to Dr. Steven's findings, wherein he reviewed the x-rays (which indicated only minimal abnormalities) and concluded Petitioner exhibits an entirely normal objective physical examination "if viewed purely by objective criteria" and not upon Petitioner's statements. (AR 203.) This is in contrast to Dr. Russell's review of the more detailed MRI findings, and her note that Petitioner's subjective symptoms were entirely consistent with those objective findings. (AR 218-219.)

The ALJ's failure to discuss the MRI findings in conjunction with Dr. Russell's review of them is suspect, because state medical opinions issued by non-examining and consultative physicians are typically accorded less weight than a treating physician's opinion. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987). Further, a treating physician's opinion contradicted by another doctor may only be rejected if the ALJ

**MEMORANDUM DECISION AND ORDER - 10**

provides "specific and legitimate reasons" supported by substantial evidence in the record for doing so. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

Here, remand is appropriate given the apparent conflict between Dr. Steven's review and findings indicating Petitioner's pain and radicular symptoms were inconsistent with the x-rays he reviewed, and Dr. Russell's review of the MRI findings wherein she found them consistent with Petitioner's subjective reports of radicular pain and numbness. The ALJ's failure to adequately explain why the MRI results, and Dr. Russell's review of them in conjunction with Petitioner's subjective reports consistent with those findings, precludes this Court from making a finding of disability on the record before it. *See, e.g., Kastner v. Astrue*, 697 F.3d 642 (7th Cir. 2012) (reversing the district court, and remanding because the ALJ failed to consider all relevant evidence in determining whether the petitioner met Listing 1.04(A), and his conclusory statement was insufficient). Remand is therefore appropriate.

**MEMORANDUM DECISION AND ORDER - 11**

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1)      Plaintiff's Petition for Review (Dkt. 1) is **GRANTED**.

2)      This action shall be **REMANDED** to the Commissioner for further

proceedings consistent with this opinion.

3)      This Remand shall be considered a "sentence four remand,"

consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852,

854 (9th Cir. 2002).

Dated: **September 14, 2015**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**